IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

v.

WELLS FARGO FINANCIAL MICHIGAN, INC.,

        Defendant.
_____/

Civil Action No.

HONORABLE

**COMPLAINT
AND JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, and the Age Discrimination in Employment Act of 1967 to correct unlawful employment practices on the basis of race and age and to provide appropriate relief to Sylvia Bumphus-Passmore who was adversely affected by such practices. As alleged with greater particularity in Paragraph 10, the Equal Employment Opportunity Commission alleges that Defendant, Wells Fargo Financial Michigan, Inc., violated Title VII by discriminating against Bumphus-Passmore by failing to promote her on the basis of race. The Commission further alleges that Defendant, Wells Fargo Financial Michigan, Inc., violated the Age Discrimination in Employment Act by failing to promote Bumphus-Passmore on the basis of age.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1)

and (3) and, Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 ("the FLSA"), as amended, 29 U.S.C. § § 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the ADEA, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of the Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 7(b) of the ADEA, 29 U.S.C. § 626(b) as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Wells Fargo Financial Michigan, Inc. ("the Employer") has continuously been a Michigan corporation doing business in the State of Michigan and City of Southfield, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been a Michigan corporation doing business in the State of Michigan and the City of Southfield, and has continuously had at least (20) employees.

6. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

7.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. § 630(b), (g), and (h).

## CONCILIATION

8.  More than thirty days prior to the institution of this lawsuit, Sylvia Bumphus-Passmore filed a charge of discrimination alleging violations of the Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

9.  Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

10. Since at least January 2008, Defendant Employer has engaged in unlawful employment practices at its Southfield, Michigan location in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a) and/or Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1) by failing to promote Bumphus-Passmore to a Loan Processor III position on the basis of race, African American and/or age, 48.

11. The effect of the practices complained of in paragraph 10 above, has been to deprive Bumphus-Passmore of equal employment opportunities and otherwise adversely affect her status as an employee because of her race and/or age.

12. The unlawful employment practices complained of in paragraph 10, above, were intentional.

3

13. The unlawful employment practices complained of in paragraph 10 were done with malice or with reckless indifference to the federally protected rights of Bumphus-Passmore.

14. The unlawful employment practices complained of in paragraph 10, above, were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

1. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from denying individuals promotional opportunities on the basis of race and/or age, and from any other unlawful employment practice which discriminates on the basis of race and/or age.

2. Order Defendant Employer, to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees regardless of race and/or age, and which eradicate the effects of its past and present unlawful employment practices.

3. Order Defendant Employer to make whole Bumphus-Passmore by providing her with appropriate back pay, with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay.

4. Order Defendant Employer to make whole Bumphus-Passmore by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraph 10, above, in amounts to be determined at trial.

6. Order Defendant Employer to pay Bumphus-Passmore punitive damages for its

4

malicious or reckless conduct described in paragraph 10, above, in amounts to be proven at trial.

7. Order Defendant Employer to pay Bumphus-Passmore liquidated damages, in an about equal to back pay, as a result of the actions complained of in paragraph 10, above.

7. Order such further relief as the Court deems necessary and proper in the public interest.

8. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Respectfully submitted,

LAURIE A. YOUNG
Regional Attorney

DEBORAH BARNO (P44525)
Supervisory Trial Attorney

Dated: September 3, 2010

TREK K. CARETHERS (P57016)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
(313) 226-2449