UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

vs.                                                                Case No. 10-13517

WELLS FARGO FINANCIAL MICHIGAN, INC.,          HON. AVERN COHN

    Defendant.
_____/

**<u>MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS
(Doc. 15)</u>**[1]
**<u>AND</u>**
**<u>GRANTING PLAINTIFF LEAVE TO AMEND WITHIN TEN (10) DAYS</u>**

I.  Introduction

This is an employment discrimination case.  Plaintiff, the Equal Employment Opportunity Commission (EEOC) is suing on behalf of Sylvia Bumphus-Passmore.  The EEOC claims that defendant Wells Fargo Financial Michigan, Inc. (Wells Fargo) discriminated against Bumphus-Passmore on the basis of race and age by failing to promote her.

Before the Court is Wells' Fargo's motion to dismiss on the grounds that the complaint fails to meet minimal pleading requirements.  The EEOC contends that the complaint is adequately pled, but also asks for leave to amend and has attached a proposed amended complaint.  For the reasons that follow, Wells Fargo's motion is DENIED and the EEOC is GRANTED LEAVE to amend.  The EEOC shall file an

---

[1]The Court deems this matter appropriate for decision without oral argument.  <u>See</u> Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

amended complaint within ten (10) days as directed below.

## II.  Background

On September 3, 2010, the EEOC filed a complaint claiming that Wells Fargo discriminated against Bumphus-Passmore on the basis of race and age.  Counsel for Wells Fargo, believing the complaint was deficient, contacted counsel for the EEOC and asked that an Amended Complaint be filed.  The EEOC declined to do so.  Accordingly, Wells Fargo filed a motion to dismiss.[2]

## III.  Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint.  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).  See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007).  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Aschcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and citation omitted).  Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  Id.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint,

---

[2]The parties' papers contain some discussion regarding settlement efforts.  Such efforts are encouraged, particularly where the entity being sued is no longer in operation.  Moreover, the Court is constrained to observe that although there has been a good deal of effort expended, the case has moved more laterally than forward. .

they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.  In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 1949 (internal quotation marks and citation omitted).

IV.  Analysis

A.  Timeliness/Waiver

As an initial matter, the EEOC argues that the motion is untimely and Wells Fargo has waived the right to file a motion to dismiss because it filed an answer.  The EEOC is mistaken.  While Wells Fargo cannot seek dismissal under Fed. R. Civ. P. 12(b)(6), it can seek dismissal under Fed. R. Civ. P. 12(c), which employs the same pleading standards set forth above.  Vickers v. Fairfield Med. Ctr., 453 F.3d 757, 761 (6th Cir. 2006). Moreover, Wells Fargo specifically plead as an affirmative defense that the complaint failed to state a claim and otherwise informed the EEOC of its belief that the complaint was deficient.  As such, the EEOC cannot say that it was unaware of Wells Fargo's position or that Wells Fargo waived its right to move for dismissal.

B.  The Complaint

The complaint contains the following allegations of discrimination:

10. Since at least January 2008, Defendant Employer has engaged in unlawful employment practices at its Southfield, Michigan location in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §200e-2(a) and/or Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1) by failing to promote Bumphus-Passmore to a Loan Processor on the basis of race, African American and/or age, 48.

11. The effect of the practices complained of in paragraph 10 above, has been to

3

deprive Bumphus-Passmore of equal employment opportunities and otherwise adversely affect her status as an employee because of her race and/or age.

12. The unlawful employment practices complained of in paragraph 10, above, were intentional.

13. The unlawful employment practices complained of in paragraph 10 were done with malice or with reckless indifference to the federally protected rights of Bumphus-Passmore.

14. The unlawful employment practices complained of in paragraph 10, above, were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b). Complaint, ¶¶ 10-14.

The complaint does not specify whether the discrimination was on the basis of race, age, or both. In addition, while the EEOC alleges that Wells Fargo engaged in unlawful employment practices in Southfield, Bumphus-Passmore, according to Wells Fargo, worked in Sterling Heights. The complaint contains only the conclusory allegation that Bumphus-Passmore was not promoted to a Loan Processor on the basis of her race and/or age. Complaint, ¶10. The complaint does not contain any allegations as to similarly situated employees, nor does it specify whether discrimination was based on race, age or both. The allegations are insufficient to plead a cause of action for employment discrimination. See Fletcher v. Philip Morris U.S.A., 2009 WL 2067807, *6 (E.D. Va. July 14, 2009) (dismissing complaint, stating that "[a]bsent factual allegations demonstrating that similarly situated employees of a different race or gender received more favorable treatment than Plaintiff, the Court cannot determine whether the treatment Plaintiff received differed from the treatment received by other employees."); Kasten v. Ford Motor Co., 2009 WL 3628012, *6 (E.D. Mich. Oct. 30, 2009) (finding complaint alleging age discrimination insufficient because, although it identified the ages of the plaintiffs, it did not name or identify the ages of plaintiffs' purported comparators); Ansley

4

v. Fla. Dep't of Revenue, 2009 WL 1973548 (N.D. Fla. July 8, 2009) (allegation that similarly situated persons were treated more favorably than the plaintiff was insufficient to support gender and disability discrimination claims; complaint dismissed).

As the district court in Ansley noted, after Twombly and Iqbal, "[t]he plaintiff in an employment discrimination case must allege facts that are either (1) sufficient to support a plausible inference of discrimination, or (2) sufficient to show, or at least support an inference, that he can make out a prima facie case . . . ." Ansley, supra, *2. The EEOC has not done so.

Furthermore, the EEOC's reliance on Swierkiewicz v. Sorema, 534 U.S. 506 (2002), is misplaced. The EEOC suggests that the pleading standard for employment discrimination claims is not governed by Twombly or Iqbal, but by Swierkiewicz. In Swierkiewicz the issue was whether plaintiffs alleging discrimination in employment have to plead each element of the prima facie case under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to state a claim for relief. Swierkiewicz, 534 U.S. at 508. The Supreme Court held that plaintiffs are not required to plead each of these four elements, because "[t]he prima facie case under McDonnell Douglas ... is an evidentiary standard, not a pleading requirement." Id. at 510.

As another judge in this district stated, rejecting the same argument:

> Plaintiffs argue that Swierkiewicz creates an exception to Twombly's pleading standard for employment discrimination claims. However, this analysis is deficient on one fundamental point: Swierkiewicz does not profess to construe the pleading standard of Fed. R. Civ. P. 8(a); on the other hand, Twombly is squarely "based on [the Court's] interpretation and application of Rule 8." Iqbal, 129 S.Ct. at 1953. Twombly retired the "no-set-of-facts" standard and replaced it with the requirement to plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 563, 570. Swierkiewicz simply held that pleading every element of the McDonnell Douglas prima facie case is not necessary to state a claim for employment discrimination. Therefore, read together, Swierkiewicz and Twombly

5

require employment discrimination plaintiffs to allege sufficient material facts to state a plausible claim for relief, but do not mandate doing so on every element of the McDonnell Douglas prima facie case.

Kasten, supra, at * 6.

### C.  The Amended Complaint

The amended complaint is somewhat more informative than the original complaint. However, it is still deficient.  Paragraph 10 of the amended complaint contains the sum and substance of the EEOC's claim.  It states:

> 10.  Since at least February 26, 2008, Defendant Employer has engaged in unlawful employment practices at its Sterling Heights, Michigan location in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1) by failing to promote Bumphus-Passmore to any of five (5) Loan Document Specialist III positions on the basis of her race (African American) and age, 48 years old.  Instead, Defendant selected five (5) lesser qualified Caucasian individuals who were substantially younger than Bumphus-Passmore.

While the amended complaint references the same time period, it now alleges that Wells Fargo selected five lesser qualified Caucasians and five younger individuals for promotion.  Thus, five promotions now appear at issue.  Again, it is not clear to what extent the EEOC's claims are age or race related, or both, as to each instance of failing to promote.

As noted above, the EEOC has requested leave to amend.  Fed. R. Civ. P. 15 (a)(2) provides that a "court should freely give [leave to amend a complaint] when justice so requires."  The grant or denial of a request to amend a complaint is left to the broad discretion of the district court.  General Electric Co. v. Sargeant & Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990).  Motions for leave to amend pleadings should be liberally granted

unless the motions are brought in bad faith or the proposed amendments would cause undue delay, be futile, or unfairly prejudice the opposing parties.  See Foman v. Davis, 371 U.S. 178, 182 (1962); Moore v. City of Paducah, 790 F.2d 557, 561 (6th Cir. 1986) (quoting Teft v. Seward, 689 F.2d 637, 639–40 (6th Cir. 1982)).

The EEOC is entitled to file an amended complaint.  However, the proposed amended complaint is not satisfactory.  The amended complaint should, at a minimum, contain the following allegations:

- the dates of the alleged discrimination (beginning and ending date)
- the identities of the alleged lesser qualified candidates (name, age, race)
- whether the failure to promote in each of the five instances was based on race, age or both
- factual allegations to support the claim for damages

SO ORDERED.

   S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  May 4, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 4, 2011, by electronic and/or ordinary mail.

   S/Julie Owens
Case Manager, (313) 234-5160